**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LEOPOLDO G. LISING, #781977,** )<br>　　　　Petitioner, )<br>　)<br>v. )<br>　)<br>**DOUGLAS DRETKE, Director, Texas** )<br>**Department of Criminal Justice,** )<br>**Correctional Institutions Division,** )<br>　　　　Respondent. ) | 3:05-CV-1088-L |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

　　Type Case: This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

　　Parties: Petitioner is currently incarcerated at the Boyd Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Teague, Texas. Respondent is the Director of the TDCJ-CID. No process has been issued in this case.

　　Statement of the Case: Petitioner pled guilty to sexual assault of a child and aggravated sexual assault of a child in the 204th Judicial District Court of Dallas County, Texas, in Cause Nos. F96-23672-VQ and F97-22035-MQ. (Petition (Pet.) at 2). Punishment was assessed at twenty and thirty years imprisonment to run concurrently. Id. The Court of Appeals for the

Fifth District of Texas affirmed the conviction.  Lising v. State, Nos. 05-9701041-CR, 05-97-01042-CR (Tex. App. – Dallas Jan. 15, 1999, no pet.) (not designated for publication).  Petitioner subsequently filed a state habeas application, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court.  Ex parte Lising, No. 41,793-01 at 2 (Tex. Crim. App., Jun. 23, 1999).

Petitioner also filed a prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his convictions on the grounds of ineffective assistance of counsel (seven claims), improper admission of judicial confession and blank waiver of confession, and insufficiency of the evidence.  See Lising v. Johnson, Civil Action 3:99cv1785 (N.D. Tex., Dal. Div.).  On September 15, 2000, the court adopted the findings, conclusions and recommendation of the magistrate judge, filed on September 6, 2000, and denied the habeas corpus petition with prejudice.  Id.  Although Petitioner timely appealed, his appeal was dismissed for want of prosecution.  See No. 00-11153.

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his convictions for sexual assault and aggravated sexual assault.  He asserts the following new grounds for habeas relief:  (1) his guilty plea was involuntary because counsel promised probation in return for a guilty plea; (2) his conviction was obtained in violation of the privilege against self incrimination; (3) the trial court erred in admitting the testimony of Ms. Boughnon, and (4) counsel rendered ineffective assistance in failing to secure an interpreter.  (Pet. at 7-8).

Findings and Conclusions:  The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  That section provides that a second or successive habeas petition

pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In Felker v. Turpin, 518 U.S. 651, 663-64 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir.), cert. denied, 540 U.S. 910, 124 S.Ct. 287, 157 L.Ed.2d 200 (2003).

The facts underlying Petitioner's claims, relate to events that occurred at or before the plea proceedings, which long predated the filing of the first federal habeas petition in 1999. These claims were, thus, available to Petitioner when he filed his initial federal petition and could have been raised in that petition, but Petitioner failed to do so. As noted previously "[u]nder the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." Crone, 324 F.3d at 837. Therefore, the court concludes that the petition for writ of habeas corpus is "successive" under the AEDPA.

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the present petition, this court lacks jurisdiction to consider the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition

3

should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 28th day of July, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.